UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ROGER TEJON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ZEUS NETWORKS, LLC,

Defendant.

Case No.: 1:24-CV-20498-PCH

Honorable Paul C. Huck

**DEFENDANT ZEUS NETWORKS, LLC'S**
**ANSWER TO CLASS ACTION COMPLAINT**

**ANSWER**

Defendant Zeus Networks, LLC ("Zeus") responds to Plaintiff Roger Tejon's Class Action Complaint (the "Complaint") and states:

1. Zeus admits only that this case purports to be a class action under the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). Zeus denies that this case is suitable for class treatment and denies that Plaintiff or putative class members are entitled to relief.

2. Paragraph 2 contains conclusions of law for which no response is required. To the extent a response is required, Zeus denies them.

3. Zeus denies the allegations in paragraph 3 of the Complaint.

4. Zeus denies the allegations in paragraph 4 of the Complaint.

5. Zeus denies the allegations in paragraph 5 of the Complaint.

6. Zeus denies the allegations in paragraph 6 of the Complaint.

7. Zeus denies the allegations in paragraph 7 of the Complaint.

8. Zeus is without sufficient knowledge to admit or deny the allegations of this

paragraphs and on that basis denies them.

9. Zeus is without sufficient knowledge to admit or deny the allegations of this paragraphs and on that basis denies them.

10. Admit.

11. Paragraph 11 contains conclusions of law for which no response is required. To the extent a response is required, Zeus denies them.

12. Zeus denies the allegations in paragraphs 12 of the Complaint.

13. Zeus denies the allegations in paragraphs 13 of the Complaint.

14. Zeus denies the allegations in paragraphs 14 of the Complaint.

15. Zeus denies the allegations in paragraphs 15 of the Complaint.

16. Zeus denies the allegations in paragraphs 16 of the Complaint.

17. Answering paragraph 17, Zeus admits it operates the www.thezeusnetwork.com which provides prerecorded videos to individuals who subscribe to Zeus's services. Zeus denies the remaining allegations contained in this paragraph.

18. Answering paragraph 18, Zeus admits only that Plaintiff was a Zeus subscriber. Zeus is without sufficient knowledge to admit or deny the remaining allegations contained in paragraph 18 and on that basis denies them.

19. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them.

20. Zeus denies the allegations contained in paragraph 20 of the Complaint.

21. Admit.

22. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

23. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

24. Zeus denies the allegations in paragraphs 24 of the Complaint.

25. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

26. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

27. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

28. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

29. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

30. Zeus denies the allegations contained in paragraph 30 of the Complaint.

31. Zeus denies the allegations contained in paragraph 31 of the Complaint.

32. Zeus denies the allegations contained in paragraph 32 of the Complaint.

33. Zeus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph and therefore denies them.

34. Zeus denies the allegations contained in paragraph 34 of the Complaint.

35. Zeus denies the allegations contained in paragraph 35 of the Complaint.

36. Zeus denies the allegations contained in paragraph 36 of the Complaint.

37. Zeus denies the allegations contained in paragraph 37 of the Complaint.

38. Zeus denies the allegations contained in paragraph 38 of the Complaint.

39. Zeus admits that Plaintiff purports to bring this case as a putative class action, but denies that Plaintiff and/or putative class members are entitled to any such relief.

40. Zeus denies the allegations contained in paragraphs 40 through 65 of the Complaint.

**PRAYER FOR RELIEF**

Answering Plaintiff's Prayer for Relief, and all subparts, Zeus denies that Plaintiff or the putative class are entitled to any relief therein.

**AFFIRMATIVE DEFENSES**

Zeus pleads its Affirmative Defenses, without assuming the burden of proof, and without prejudice to its Answer, as follows:

1. Plaintiff's claims fail because he lacks Article III standing to bring a claim under the VPPA.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to, 18 U.S.C. § 2710(c)(3).

3. Plaintiff's claims are barred, in whole or in part, by the limitation of liability provisions contained in Zeus's Terms of Use, to which Plaintiff agreed.

4. Plaintiff's claims fail because Zeus did not knowingly disclose Plaintiff's personally identifiable information.

5. Plaintiff's claims are barred, in whole or in part, because any disclosure allegedly made by Zeus was made incident to the ordinary course of Zeus's business. *See* 18 U.S. Code § 2710(b)(2)(e).

6. Plaintiff's claims are barred, in whole or in part, because any disclosure allegedly made by Zeus was made with the consent of Plaintiff or a putative class member.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and

acquiescence.

9. Plaintiff and/or the putative class members are not entitled to any recovery from Zeus because any injury allegedly suffered by Plaintiff and/or the putative class members was caused in whole or in part by the acts or omissions of persons or entities other than Zeus.

10. Any damages or other recovery to which Plaintiff and/or the putative class members may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Zeus, whereas any acts or omissions of Zeus were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. to the extent Zeus is found liable in any amount, Zeus is entitled to complete or partial equitable indemnity from such other parties.

11. To the extent Plaintiff and/or the putative class members have suffered any damages, Plaintiff and/or the putative class members failed to take reasonable steps to mitigate those purported damages.

12. Plaintiff's claims are barred, in whole or in part, because Plaintiff's reading of the VPPA would be barred by the First Amended to the United States Constitution.

Zeus reserves the right to assert additional affirmative defenses if discovery shows additional affirmative defenses are appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE,** Defendant Zeus Networks, LLC prays for judgment as follows:

1. Plaintiff and the putative class(es) take nothing by reason of the Class Action Complaint on file herein, and that the Class Action Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Zeus, and against Plaintiff on all claims for relief (and, if a class is certified, against the class as well);

3. Zeus be awarded its costs of suit incurred herein;

4. Zeus be awarded its attorneys' fees incurred by this action; and

5. Zeus be awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Zeus Networks, LLC hereby demands trial by jury to the extent authorized by law.

Dated: July 7, 2026

*/s/ Rachelle N. Aridi*

Todd R. Ehrenreich
Florida Bar No. 945900
Todd.Ehrenreich@lewisbrisbois.com
Rachelle N. Aridi
Florida Bar No. 1048715
Rachelle.Aridi@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210
Facsimile: 786.513.2249

Jon P. Kardassakis
(application for *pro hac vice* forthcoming)
Jon.Kardassakis@lewisbrisbois.com
Eleonora Antonyan
(application for *pro hac vice* forthcoming)
Eleonora.Antonyan@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
213.250.1800

*Attorneys for Defendant, ZEUS NETWORKS, LLC*